No. 20-15114

*In the*

# *United States Court of Appeals for the Ninth Circuit*

---

ROBERT W. AHLSTROM,

*Plaintiff - Appellant,*

vs.

DHI MORTGAGE COMPANY, LTD., LP.,

*Defendants - Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
HON. BETH L. FREEMAN, JUDGE PRESIDING
DISTRICT COURT CASE NO. 19-CV-03435-BLF

---

**APPELLANT'S EXCERPTS OF RECORD – VOLUME II**

**[pages 73-125]**

---

**SETAREH LAW GROUP**
Shaun Setareh, SBN 204514
Thomas Segal, SBN 222791
315 South Beverly Drive, Suite 315
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

*Attorneys for Plaintiff*

# *AHLSTROM v. DHI MORTGAGE COMPANY LTD.* CASE NO. 19-cv-03435-BLF

## INDEX - TABLE OF CONTENTS (REVERSE CHRONOLOGICAL)


| DOCKET NUMBER | DOCUMENT TITLE/DESCRIPTION | EXCERPT VOLUME | EXCERPT PAGE |
|---|---|---|---|
| 27 | Notice of Appeal | I | DHI00001 |
| 27.2 | Plaintiff Robert W. Ahlstrom's Representation Statement Regarding His Notice of Appeal | I | DHI00003 |
| 27.1 | **Exhibit A** - Order Granting Motion to Compel Arbitration and Dismissing Case Without Prejudice | I | DHI00006 |
| 26 | Order Granting Motion to Compel Arbitration and Dismissing Case Without Prejudice | I | DHI00016 |
| 18 | Plaintiff's Opposition to Defendant's Motion to Compel Arbitration | I | DHI00025 |
| 16 | Defendant's Notice of Motion and Motion to Compel Arbitration: Memorandum of Point and Authorities in Support Thereof | I | DHI00035 |
| 16.4 | Proposed Order Granting Defendant's Motion to Compel Arbitration | I | DHI00064 |
| 16.3 | Declaration of Jennifer L. Katz in Support of Defendant's Motion to Compel Arbitration | I/II | DHI00066 |
| 16.2 | Declaration of Mark C. Winter in Support of Defendant's Motion to Compel Arbitration | II | DHI00107 |

## *AHLSTROM v. DHI MORTGAGE COMPANY LTD.* CASE NO. 19-cv-03435-BLF

## INDEX - TABLE OF CONTENTS (REVERSE CHRONOLOGICAL)


| DOCKET NUMBER | DOCUMENT TITLE/DESCRIPTION | EXCERPT VOLUME | EXCERPT PAGE |
|---|---|---|---|
| 16.1 | Declaration of Paula Hunter-Perkins in Support of Defendant's Motion to Compel Arbitration | II | DHI00109 |
| -- | Docket (Pacer) | II | DHI00120 |

# Table of Contents

Introduction . . . . . 6
The Employment Due Process Protocol . . . . . 6
AAA's Employment ADR Rules . . . . . 7
AAA's Policy on Employment ADR . . . . . 7
Notification . . . . . 8
Designing an ADR Program . . . . . 8
Types of Disputes Covered . . . . . 9

Employment Arbitration Rules and Mediation Procedures . . . . . 10
1. Applicable Rules of Arbitration . . . . . 10
2. Notification . . . . . 10
3. AAA as Administrator of the Arbitration . . . . . 11
4. Initiation of Arbitration . . . . . 11
5. Changes of Claim . . . . . 12
6. Jurisdiction . . . . . 12
7. Administrative and Mediation Conferences . . . . . 12
8. Arbitration Management Conference . . . . . 13
9. Discovery . . . . . 14
10. Fixing of Locale (the city, county, state, territory, and/or country of the Arbitration) . 14
11. Date, Time and Place (the physical site of the hearing within the designated locale) of Hearing . . . . . 14
12. Number, Qualifications and Appointment of Neutral Arbitrators . . . . . 15
13. Party Appointed Arbitrators . . . . . 16
14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties . . . . . 16
15. Disclosure . . . . . 16
16. Disqualification of Arbitrator . . . . . 17
17. Communication with Arbitrator . . . . . 17
18. Vacancies . . . . . 18
19. Representation . . . . . 18
20. Stenographic Record . . . . . 18
21. Interpreters . . . . . 18
22. Attendance at Hearings . . . . . 18
23. Confidentiality . . . . . 19
24. Postponements . . . . . 19
25. Oaths . . . . . 19

26. Majority Decision . . . . . 19
27. Dispositive Motions . . . . . 19
28. Order of Proceedings . . . . . 19
29. Arbitration in the Absence of a Party or Representative . . . . . 20
30. Evidence . . . . . 21
31. Inspection . . . . . 21
32. Interim Measures . . . . . 21
33. Closing of Hearing . . . . . 22
34. Reopening of Hearing . . . . . 22
35. Waiver of Oral Hearing . . . . . 22
36. Waiver of Objection/Lack of Compliance with These Rules . . . . . 22
37. Extensions of Time . . . . . 23
38. Serving of Notice . . . . . 23
39. The Award . . . . . 23
40. Modification of Award . . . . . 24
41. Release of Documents for Judicial Proceedings . . . . . 24
42. Applications to Court . . . . . 24
43. Administrative Fees . . . . . 25
44. Neutral Arbitrator's Compensation . . . . . 25
45. Expenses . . . . . 25
46. Deposits . . . . . 26
47. Suspension for Non-Payment . . . . . 26
48. Interpretation and Application of Rules . . . . . 26

AAA Administrative Fees for Employment/Workplace Cases . . . . . 26

Optional Rules for Emergency Measures of Protection . . . . . 27
O-1. Applicability . . . . . 27
O-2. Appointment of Emergency Arbitrator . . . . . 27
O-3. Schedule . . . . . 27
O-4. Interim Award . . . . . 27
O-5. Constitution of the Panel . . . . . 28
O-6. Security . . . . . 28
O-7. Special Master . . . . . 28
O-8. Costs . . . . . 28

Employment Mediation Procedures . . . . . 29
M-1. Agreement of Parties . . . . . 29
M-2. Initiation of Mediation . . . . . 29
M-3. Fixing of Locale (the city, county, state, territory and, if applicable, country of the mediation) . . . . . 30
M-4. Representation . . . . . 30
M-5. Appointment of the Mediator . . . . . 30
M-6. Mediator's Impartiality and Duty to Disclose . . . . . 31
M-7. Vacancies . . . . . 31
M-8. Duties and Responsibilities of the Mediator . . . . . 31
M-9. Responsibilities of the Parties . . . . . 32
M-10. Privacy . . . . . 32
M-11. Confidentiality . . . . . 33
M-12. No Stenographic Record . . . . . 33
M-13. Termination of Mediation . . . . . 33
M-14. Exclusion of Liability . . . . . 34
M-15. Interpretation and Application of Procedures . . . . . 34
M-16. Deposits . . . . . 34
M-17. Expenses . . . . . 34
M-18. Cost of the Mediation . . . . . 34

# Employment Arbitration Rules and Mediation Procedures

## Introduction

Federal and state laws reflecting societal intolerance for certain workplace conduct, as well as court decisions interpreting and applying those statutes, have redefined responsible corporate practice and employee relations. Increasingly, employers and employees face workplace disputes involving alleged wrongful termination, sexual harassment, or discrimination based on race, color, religion, sex, sexual orientation, national origin, age and disability.

As courts and administrative agencies become less accessible to civil litigants, alternative dispute resolution (ADR) procedures have become more common in contracts of employment, personnel manuals, and employee handbooks as a means of resolving workplace disputes privately, promptly and economically. Millions of workers are now covered by employment ADR clauses administered by the American Arbitration Association (AAA).

The American Arbitration Association, a not-for-profit, public service organization, offers a broad range of dispute resolution services to business executives, attorneys, individuals, trade associations, unions, management, consumers, and all levels of government. Services are available through AAA headquarters in New York City and offices in major cities throughout the United States and internationally. Hearings may be held at locations convenient for the parties and are not limited to cities with AAA offices. In addition, the AAA serves as a center for education and training, issues specialized publications, and conducts research on various forms of alternative dispute resolution.

## The Employment Due Process Protocol

The *Employment Due Process Protocol* was developed in 1995 by a special Task Force composed of individuals representing management, labor, employment, civil rights organizations, private administrative agencies, government, and the American Arbitration Association. The Due Process Protocol, which was endorsed

by the Association in 1995, seeks to ensure fairness and equity in resolving workplace disputes. It encourages mediation and arbitration of statutory disputes, provided there are due process safeguards. It conveys the hope that ADR will reduce delays caused by the huge backlog of cases pending before administrative agencies and the courts. The Due Process Protocol "recognizes the dilemma inherent in the timing of an agreement to mediate and/or arbitrate statutory disputes" but does not take a position on whether an employer can require a pre-dispute, binding arbitration program as a condition of employment.

The Due Process Protocol has been endorsed by organizations representing a broad range of constituencies. They include the American Arbitration Association, the American Bar Association Labor and Employment Section, the American Civil Liberties Union, the Federal Mediation and Conciliation Service, the National Academy of Arbitrators, and the National Society of Professionals in Dispute Resolution. The National Employment Lawyers Association has endorsed the substantive provisions of the Due Process Protocol.

It has been incorporated into the Report of the United States Secretary of Labor's *Task Force in Excellence in State and Local Government* and cited with approval in numerous court opinions.

## AAA's Employment ADR Rules

On June 1, 1996, the Association issued National Rules for the Resolution of Employment Disputes (now known as the *Employment Arbitration Rules and Mediation Procedures*). The rules reflected the guidelines outlined in the Due Process Protocol and were based upon the AAA's California Employment Dispute Resolution Rules, which were developed by a committee of employment management and plaintiff attorneys, retired judges and arbitrators, in addition to Association executives. The revised rules were developed for employers and employees who wish to use a private alternative to resolve their disputes and included procedures which ensure due process in both the mediation and arbitration of employment disputes. The rules enabled parties to have complaints heard by an impartial person of their joint selection, with expertise in the employment field.

## AAA's Policy on Employment ADR

The AAA's policy on employment ADR is guided by the state of existing law, as well as its obligation to act in an impartial manner. In following the law, and in the interest of providing an appropriate forum for the resolution of employment

disputes, the Association administers dispute resolution programs which meet the due process standards as outlined in its *Employment Arbitration Rules and Mediation Procedures* and the Due Process Protocol. If the Association determines that a dispute resolution program on its face substantially and materially deviates from the minimum due process standards of the *Employment Arbitration Rules and Mediation Procedures* and the Due Process Protocol, the Association may decline to administer cases under that program. Other issues will be presented to the arbitrator for determination.

## Notification

If an employer intends to utilize the dispute resolution services of the Association in an employment ADR plan, it should at least 30 days prior to the planned effective date of the program: (1) notify the Association of its intention to do so; and (2) provide the Association with a copy of the employment dispute resolution plan. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services. Copies of all plans should be sent to the American Arbitration Association, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043; Email: **casefiling@adr.org**.

## Designing an ADR Program

The guiding principle in designing a successful employment ADR system is that it must be fair in fact and perception.

The American Arbitration Association encourages employers to consider the wide range of legally-available options to resolve workplace disputes outside the courtroom. A special emphasis is placed by the Association on encouraging the development of in-house dispute resolution procedures, such as open door policies, ombuds, peer review and internal mediation. The Association recommends an external mediation component to resolve disputes not settled by the internal dispute resolution process.

Programs which use arbitration as a final step may employ:

- pre-dispute, voluntary final and binding arbitration;
- pre-dispute, mandatory nonbinding arbitration;
- pre-dispute, mandatory final and binding arbitration; or
- post-dispute, voluntary final and binding arbitration.


Exhibit C, Page 11
ER00078

Although the AAA administers binding arbitration systems that have been required as a condition of initial or continued employment, such programs must be consistent with the Association's *Employment Arbitration Rules and Mediation Procedures* and the *Employment Due Process Protocol*.

Specific guidance on the responsible development and design of employment ADR systems is contained in the Association's publication, *Resolving Employment Disputes: A Practical Guide*, which is available from the AAA's website, **www.adr.org**.

## Types of Disputes Covered

These dispute resolution procedures were developed for arbitration agreements contained in employee personnel manuals, an employment application of an individual employment agreement, independent contractor agreements for workplace disputes and other types of employment agreements or workplace agreements, or can be used for a specific dispute. They do not apply to disputes arising out of collective bargaining agreements.

# Employment Arbitration Rules and Mediation Procedures

## 1. Applicable Rules of Arbitration

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its *Employment Arbitration Rules and Mediation Procedures* or for arbitration by the AAA of an employment dispute without specifying particular rules*. If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules.

If, within 30 days after the AAA's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration and provides the AAA with documentation that judicial intervention has been sought, the AAA will suspend administration for 60 days to permit the party to obtain a stay of arbitration from the court. These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA.

* *The National Rules for the Resolution of Employment Disputes have been re-named the Employment Arbitration Rules and Mediation Procedures. Any arbitration agreements providing for arbitration under its National Rules for the Resolution of Employment Disputes shall be administered pursuant to these Employment Arbitration Rules and Mediation Procedures.*

## 2. Notification

An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least 30 days prior to the planned effective date of the program:

- **i.** notify the Association of its intention to do so and,
- **ii.** provide the Association with a copy of the employment dispute resolution plan.

Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services.

## 3. AAA as Administrator of the Arbitration

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in these rules, and may be carried out through such of the AAA's representatives as it may direct. The AAA may, in its discretion, assign the administration of an arbitration to any of its offices.

## 4. Initiation of Arbitration

Arbitration shall be initiated in the following manner.

**a.** The parties may submit a joint request for arbitration.

**b.** In the absence of a joint request for arbitration:

**(i)** The initiating party (hereinafter "Claimant[s]") shall:

**(1)** File a written notice (hereinafter "Demand") of its intention to arbitrate at any office of the AAA, within the time limit established by the applicable statute of limitations. Any dispute over the timeliness of the demand shall be referred to the arbitrator. The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. The Demand shall set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.

**(2)** Simultaneously provide a copy of the Demand to the other party (hereinafter "Respondent[s]").

**(3)** Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.

**(ii)** The Respondent(s) may file an Answer with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The Answer shall provide the Respondent's brief response to the claim and the issues presented. The Respondent(s) shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Claimant. If no answering statement is filed within the stated time, Respondent will be deemed to deny the claim. Failure to file an answering statement shall not operate to delay the arbitration.

**(iii)** The Respondent(s):

**(1)** May file a counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the Demand. The filing shall be made in duplicate. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought.

**(2)** Simultaneously shall send a copy of any counterclaim to the Claimant.

**(3)** Shall include with its filing the applicable filing fee provided for by these rules.

**(iv)** The Claimant may file an Answer to the counterclaim with the AAA within 15 days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall send a copy of the Answer to the Respondent(s). If no answering statement is filed within the stated time, Claimant will be deemed to deny the counterclaim. Failure to file an answering statement shall not operate to delay the arbitration.

**c.** The form of any filing in these rules shall not be subject to technical pleading requirements.

## 5. Changes of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously provide a copy to the other party(s), who shall have 15 days from the date of such transmittal within which to file an answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

## 6. Jurisdiction

**a.** The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

**b.** The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

**c.** A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

## 7. Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative

of the AAA and the parties and/or their representatives. The purpose of the administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of selecting an arbitrator, and to consider mediation as a dispute resolution option. There is no administrative fee for this service.

At any time after the filing of the Demand, with the consent of the parties, the AAA will arrange a mediation conference under its Mediation Procedures to facilitate settlement. The mediator shall not be any arbitrator appointed to the case, except by mutual written agreement of the parties. There is no additional filing fee for initiating a mediation under the AAA Mediation Procedures for parties to a pending arbitration.

## 8. Arbitration Management Conference

As promptly as practicable after the selection of the arbitrator(s), but not later than 60 days thereafter, an arbitration management conference shall be held among the parties and/or their attorneys or other representatives and the arbitrator(s). Unless the parties agree otherwise, the Arbitration Management Conference will be conducted by telephone conference call rather than in person. At the Arbitration Management Conference the matters to be considered shall include, without limitation:

- **i.** the issues to be arbitrated;
- **ii.** the date, time, place, and estimated duration of the hearing;
- **iii.** the resolution of outstanding discovery issues and establishment of discovery parameters;
- **iv.** the law, standards, rules of evidence and burdens of proof that are to apply to the proceeding;
- **v.** the exchange of stipulations and declarations regarding facts, exhibits, witnesses, and other issues;
- **vi.** the names of witnesses (including expert witnesses), the scope of witness testimony, and witness exclusion;
- **vii.** the value of bifurcating the arbitration into a liability phase and damages phase;
- **viii.** the need for a stenographic record;
- **ix.** whether the parties will summarize their arguments orally or in writing;
- **x.** the form of the award;
- **xi.** any other issues relating to the subject or conduct of the arbitration;
- **xii.** the allocation of attorney's fees and costs;

**xiii.** the specification of undisclosed claims;

**xiv.** the extent to which documentary evidence may be submitted at the hearing;

**xv.** the extent to which testimony may be admitted at the hearing telephonically, over the internet, by written or video-taped deposition, by affidavit, or by any other means;

**xvi.** any disputes over the AAA's determination regarding whether the dispute arose from an individually-negotiated employment agreement or contract, or from an employer plan (see Costs of Arbitration section).

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

## 9. Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

The AAA does not require notice of discovery related matters and communications unless a dispute arises. At that time, the parties should notify the AAA of the dispute so that it may be presented to the arbitrator for determination.

## 10. Fixing of Locale (the city, county, state, territory, and/or country of the Arbitration)

If the parties disagree as to the locale, the AAA may initially determine the place of arbitration, subject to the power of the arbitrator(s), after their appointment to make a final determination on the locale. All such determinations shall be made having regard for the contentions of the parties and the circumstances of the arbitration.

## 11. Date, Time and Place (the physical site of the hearing within the designated locale) of Hearing

The arbitrator shall set the date, time, and place for each hearing. The parties shall respond to requests for hearing dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established hearing schedule. The AAA shall send a notice of hearing to the parties at least 10 days in advance of the hearing date, unless otherwise agreed by the parties.

## 12. Number, Qualifications and Appointment of Neutral Arbitrators

**a.** If the arbitration agreement does not specify the number of arbitrators or the parties do not agree otherwise, the dispute shall be heard and determined by one arbitrator.

**b.** Qualifications

**i.** Neutral arbitrators serving under these rules shall be experienced in the field of employment law.

**ii.** Neutral arbitrators serving under these rules shall have no personal or financial interest in the results of the proceeding in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias.

**iii.** The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background, and qualifications.

**iv.** The AAA may, upon request of a party within the time set to return their list or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually-negotiated employment contracts with persons from the Commercial Roster, to allow the AAA to respond to the particular need of the dispute. In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.

**c.** If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:

**i.** Shortly after it receives the Demand, the AAA shall send simultaneously to each party a letter containing an identical list of names of persons chosen from the Employment Dispute Resolution Roster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

**ii.** If the parties are unable to agree upon an arbitrator, each party to the dispute shall have 15 days from the transmittal date in which to strike names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable.

**iii.** From among the persons who have been approved on both lists, and in accordance with the designated order of mutual preference, the AAA shall invite the acceptance of an arbitrator to serve. If the parties fail to agree on any of the persons named, or if acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists.

## 13. Party Appointed Arbitrators

**a.** If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed.

**b.** Where the parties have agreed that each party is to name one arbitrator, the arbitrators so named must meet the standards of Section R-16 with respect to impartiality and independence unless the parties have specifically agreed pursuant to Section R-16(a) that the party-appointed arbitrators are to be non-neutral and need not meet those standards. The notice of appointment, with the name, address, and contact information of the arbitrator, shall be filed with the AAA by the appointing party. Upon the request of any appointing party, the AAA shall submit a list of members of the National Roster from which the party may, if it so desires, make the appointment.

**c.** If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, the AAA shall make the appointment.

**d.** If no period of time is specified in the agreement, the AAA shall notify the party to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, the AAA shall make the appointment.

## 14. Appointment of Chairperson by Party-Appointed Arbitrators or Parties

**a.** If, pursuant to Section R-13, either the parties have directly appointed arbitrators, or the arbitrators have been appointed by the AAA, and the parties have authorized them to appoint a chairperson within a specified time and no appointment is made within that time or any agreed extension, the AAA may appoint the chairperson.

**b.** If no period of time is specified for appointment of the chairperson and the party-appointed arbitrators or the parties do not make the appointment within 15 days from the date of the appointment of the last party-appointed arbitrator, the AAA may appoint the chairperson.

**c.** If the parties have agreed that their party-appointed arbitrators shall appoint the chairperson from the National Roster, the AAA shall furnish to the party-appointed arbitrators, in the manner provided in Section R-12, a list selected from the National Roster, and the appointment of the chairperson shall be made as provided in that Section.

## 15. Disclosure

**a.** Any person appointed or to be appointed as an arbitrator shall disclose to the AAA any circumstance likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their representatives. Such obligation shall remain in effect throughout the arbitration.

**b.** Upon receipt of such information from the arbitrator or another source, the AAA shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

**c.** In order to encourage disclosure by arbitrators, disclosure of information pursuant to this Section R-15 is not to be construed as an indication that the arbitrator considers that the disclosed circumstance is likely to affect impartiality or independence.

## 16. Disqualification of Arbitrator

**a.** Any arbitrator shall be impartial and independent and shall perform his or her duties with diligence and in good faith, and shall be subject to disqualification for:

**i.** partiality or lack of independence,

**ii.** inability or refusal to perform his or her duties with diligence and in good faith, and

**iii.** any grounds for disqualification provided by applicable law. The parties may agree in writing, however, that arbitrators directly appointed by a party pursuant to Section R-13 shall be nonneutral, in which case such arbitrators need not be impartial or independent and shall not be subject to disqualification for partiality or lack of independence.

**b.** Upon objection of a party to the continued service of an arbitrator, or on its own initiative, the AAA shall determine whether the arbitrator should be disqualified under the grounds set out above, and shall inform the parties of its decision, which decision shall be conclusive.

## 17. Communication with Arbitrator

**a.** No party and no one acting on behalf of any party shall communicate *ex parte* with an arbitrator or a candidate for arbitrator concerning the arbitration, except that a party, or someone acting on behalf of a party, may communicate *ex parte* with a candidate for direct appointment pursuant to Section R-13 in order to advise the candidate of the general nature of the controversy and of the anticipated proceedings and to discuss the candidate's qualifications, availability, or independence in relation to the parties or to discuss the suitability of candidates for selection as a third arbitrator where the parties or party-designated arbitrators are to participate in that selection.

**b.** Section R-17(a) does not apply to arbitrators directly appointed by the parties who, pursuant to Section R-16(a), the parties have agreed in writing are non-neutral. Where the parties have so agreed under Section R-16(a), the AAA shall as an administrative practice suggest to the parties that they agree further that Section R-17(a) should nonetheless apply prospectively.

## 18. Vacancies

**a.** If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. Vacancies shall be filled in accordance with applicable provisions of these Rules.

**b.** In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

**c.** In the event of the appointment of a substitute arbitrator, the panel of arbitrators shall determine in its sole discretion whether it is necessary to repeat all or part of any prior hearings.

## 19. Representation

Any party may be represented by counsel or other authorized representatives. For parties without representation, the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least 10 days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

## 20. Stenographic Record

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcripts agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

## 21. Interpreters

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

## 22. Attendance at Hearings

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also

shall have the authority to decide whether any person who is not a witness may attend the hearing.

## 23. Confidentiality

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

## 24. Postponements

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

## 25. Oaths

Before proceeding with the first hearing, each arbitrator shall take an oath of office. The oath shall be provided to the parties prior to the first hearing. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

## 26. Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

## 27. Dispositive Motions

The arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues in the case.

## 28. Order of Proceedings

A hearing may be opened by: (1) recording the date, time, and place of the hearing; (2) recording the presence of the arbitrator, the parties, and their representatives, if any; and (3) receiving into the record the Demand and the Answer, if any. The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

Witnesses for each party shall submit to direct and cross examination.

With the exception of the rules regarding the allocation of the burdens of proof and going forward with the evidence, the arbitrator has the authority to set the rules for the conduct of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute. When deemed appropriate, the arbitrator may also allow for the presentation of evidence by alternative means including web conferencing, internet communication, telephonic conferences and means other than an in-person presentation of evidence. Such alternative means must still afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute and when involving witnesses, provide that such witness submit to direct and cross-examination.

The arbitrator, in exercising his or her discretion, shall conduct the proceedings with a view toward expediting the resolution of the dispute, may direct the order of proof, bifurcate proceedings, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case.

Documentary and other forms of physical evidence, when offered by either party, may be received in evidence by the arbitrator.

The names and addresses of all witnesses and a description of the exhibits in the order received shall be made a part of the record.

## 29. Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

## 30. Evidence

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator deems necessary to an understanding and determination of the dispute. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party or arbitrator is absent, in default, or has waived the right to be present, however "presence" should not be construed to mandate that the parties and arbitrators must be physically present in the same location.

An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party is absent, in default, or has waived the right to be present.

If the parties agree or the arbitrator directs that documents or other evidence may be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator, unless the parties agree to a different method of distribution. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

## 31. Inspection

Upon the request of a party, the arbitrator may make an inspection in connection with the arbitration. The arbitrator shall set the date and time, and the AAA shall notify the parties. In the event that one or all parties are not present during the inspection, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

## 32. Interim Measures

At the request of any party, the arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court, as stated in Rule 39(d), Award.

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

## 33. Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Rule 30 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon closing of the hearing.

## 34. Reopening of Hearing

The hearing may be reopened by the arbitrator upon the arbitrator's initiative, or upon application of a party for good cause shown, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have 30 days from the closing of the reopened hearing within which to make an award.

## 35. Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings. If the parties are unable to agree as to the procedure, upon the appointment of the arbitrator, the arbitrator shall specify a fair and equitable procedure.

## 36. Waiver of Objection/Lack of Compliance with These Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing or in a transcribed record, shall be deemed to have waived the right to object.

## 37. Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

## 38. Serving of Notice

**a.** Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party, or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard to the dispute is or has been granted to the party.

**b.** The AAA, the arbitrator, and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (e-mail), or other methods of communication.

**c.** Unless otherwise instructed by the AAA or by the arbitrator, any documents submitted by any party to the AAA or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

## 39. The Award

**a.** The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator. Three additional days are provided if briefs are to be filed or other documents are to be transmitted pursuant to Rule 30.

**b.** An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

**c.** The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise. It shall be executed in the manner required by law.

**d.** The arbitrator may grant any remedy or relief that would have been available to the parties had the matter been heard in court including awards of attorney's fees and costs, in accordance with applicable law. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Rules 43, 44, and 45 in favor of any party and, in the event any administrative fees or expenses

are due the AAA, in favor of the AAA, subject to the provisions contained in the Costs of Arbitration section.

**e.** If the parties settle their dispute during the course of the arbitration and mutually request, the arbitrator may set forth the terms of the settlement in a consent award.

**f.** The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

**g.** The arbitrator's award shall be final and binding.

## 40. Modification of Award

Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical, or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided. The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto. If applicable law requires a different procedural time frame, that procedure shall be followed.

## 41. Release of Documents for Judicial Proceedings

The AAA shall, upon the written request of a party, furnish to the party, at that party's expense, certified copies of any papers in the AAA's case file that may be required in judicial proceedings relating to the arbitration.

## 42. Applications to Court

**a.** No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

**b.** Neither the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration.

**c.** Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.

**d.** Parties to an arbitration under these rules shall be deemed to have consented that neither the AAA nor any arbitrator shall be liable to any party in any action for damages or injunctive relief for any act or omission in connection with any arbitration under these rules.

## 43. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fee schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.

AAA fees shall be paid in accordance with the Costs of Arbitration section. The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees. (To ensure that you have the most current information, see our website at **www.adr.org**).

## 44. Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation. If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and expenses shall be made by the AAA from the fees and moneys collected by the AAA for this purpose.

Arbitrator compensation shall be borne in accordance with the Costs of Arbitration section.

## 45. Expenses

Unless otherwise agreed by the parties or as provided under applicable law, the expenses of witnesses for either side shall be borne by the party producing such witnesses.

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator shall be borne in accordance with the Costs of Arbitration section.

### 46. Deposits

The AAA may require deposits in advance of any hearings such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's fee, if any, and shall render an accounting and return any unexpended balance at the conclusion of the case.

### 47. Suspension for Non-Payment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend or terminate the proceedings.

### 48. Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be resolved by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other procedures shall be interpreted and applied by the AAA.

## AAA Administrative Fees for Employment/Workplace Cases

*FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT* ***www.adr.org/employmentfeeschedule.***

# Optional Rules for Emergency Measures of Protection

## O-1. Applicability

Where parties by special agreement or in their arbitration clause have adopted these rules for emergency measures of protection, a party in need of emergency relief prior to the constitution of the panel shall notify the AAA and all other parties in writing of the nature of the relief sought and the reasons why such relief is required on an emergency basis. The application shall also set forth the reasons why the party is entitled to such relief. Such notice may be given by facsimile transmission, or other reliable means, but must include a statement certifying that all other parties have been notified or an explanation of the steps taken in good faith to notify other parties.

## O-2. Appointment of Emergency Arbitrator

Within one business day of receipt of notice as provided in Section O-1, the AAA shall appoint a single emergency arbitrator from a special AAA panel of emergency arbitrators designated to rule on emergency applications. The emergency arbitrator shall immediately disclose any circumstance likely, on the basis of the facts disclosed in the application, to affect such arbitrator's impartiality or independence. Any challenge to the appointment of the emergency arbitrator must be made within one business day of the communication by the AAA to the parties of the appointment of the emergency arbitrator and the circumstances disclosed.

## O-3. Schedule

The emergency arbitrator shall as soon as possible, but in any event within two business days of appointment, establish a schedule for consideration of the application for emergency relief. Such schedule shall provide a reasonable opportunity to all parties to be heard, but may provide for proceeding by telephone conference or on written submissions as alternatives to a formal hearing.

## O-4. Interim Award

If after consideration the emergency arbitrator is satisfied that the party seeking the emergency relief has shown that immediate and irreparable loss or damage will result in the absence of emergency relief, and that such party is entitled to

such relief, the emergency arbitrator may enter an interim award granting the relief and stating the reasons therefore.

## O-5. Constitution of the Panel

Any application to modify an interim award of emergency relief must be based on changed circumstances and may be made to the emergency arbitrator until the panel is constituted; thereafter such a request shall be addressed to the panel. The emergency arbitrator shall have no further power to act after the panel is constituted unless the parties agree that the emergency arbitrator is named as a member of the panel.

## O-6. Security

Any interim award of emergency relief may be conditioned on provision by the party seeking such relief of appropriate security.

## O-7. Special Master

A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate. If the AAA is directed by a judicial authority to nominate a special master to consider and report on an application for emergency relief, the AAA shall proceed as provided in Section O-1 of this article and the references to the emergency arbitrator shall be read to mean the special master, except that the special master shall issue a report rather than an interim award.

## O-8. Costs

The costs associated with applications for emergency relief shall be apportioned in the same manner as set forth in the Costs of Arbitration section.

# Employment Mediation Procedures

## M-1. Agreement of Parties

Whenever, by stipulation or in their contract, the parties have provided for mediation or conciliation of existing or future disputes under the auspices of the American Arbitration Association (AAA) or under these procedures, the parties and their representatives, unless agreed otherwise in writing, shall be deemed to have made these procedures, as amended and in effect as of the date of filing of a request for mediation, a part of their agreement and designate the AAA as the administrator of their mediation.

The parties by mutual agreement may vary any part of these procedures including, but not limited to, agreeing to conduct the mediation via telephone or other electronic or technical means.

## M-2. Initiation of Mediation

Any party or parties to a dispute may initiate mediation under the AAA's auspices by making a Request for Mediation to any of the AAA's regional offices or case management centers via telephone, email, regular mail or fax. Requests for Mediation may also be filed online via AAA WebFile® at **www.adr.org**.

The party initiating the mediation shall simultaneously notify the other party or parties of the request. The initiating party shall provide the following information to the AAA and the other party or parties as applicable:

- **i.** A copy of the mediation provision of the parties' contract or the parties' stipulation to mediate.
- **ii.** The names, regular mail addresses, email addresses (if available), and telephone numbers of all parties to the dispute and representatives, if any, in the mediation.
- **iii.** A brief statement of the nature of the dispute and the relief requested.
- **iv.** Any specific qualifications the mediator should possess.

Where there is no preexisting stipulation or contract by which the parties have provided for mediation of existing or future disputes under the auspices of the AAA, a party may request the AAA to invite another party to participate in "mediation by voluntary submission". Upon receipt of such a request, the AAA will contact the other party or parties involved in the dispute and attempt to obtain a submission to mediation.

## M-3. Fixing of Locale (the city, county, state, territory and, if applicable, country of the mediation)

- **i.** When the parties' agreement to mediate is silent with respect to locale and the parties are unable to agree upon a locale, the AAA shall have the authority to consider the parties' arguments and determine the locale.
- **ii.** When the parties' agreement to mediate requires a specific locale, absent the parties' agreement to change it, the locale shall be that specified in the agreement to mediate.
- **iii.** If the reference to a locale in the agreement to mediate is ambiguous, the AAA shall have the authority to consider the parties' arguments and determine the locale.

## M-4. Representation

Any party may participate without representation (pro se), or by any representative of that party's choosing, or by counsel, unless such choice is prohibited by applicable law. A party intending to have representation shall notify the other party and the AAA of the name, telephone number and address, and email address if available of the representative.

## M-5. Appointment of the Mediator

Parties may search the online profiles of the AAA's Panel of Mediators at **www.aaamediation.org** in an effort to agree on a mediator. If the parties have not agreed to the appointment of a mediator and have not provided any other method of appointment, the mediator shall be appointed in the following manner:

- **i.** Upon receipt of a request for mediation, the AAA will send to each party a list of mediators from the AAA's Panel of Mediators. The parties are encouraged to agree to a mediator from the submitted list and to advise the AAA of their agreement.
- **ii.** If the parties are unable to agree upon a mediator, each party shall strike unacceptable names from the list, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all mediators on the list shall be deemed acceptable to that party. From among the mediators who have been mutually approved by the parties, and in accordance with the designated order of mutual preference, the AAA shall invite a mediator to serve.
- **iii.** If the parties fail to agree on any of the mediators listed, or if acceptable mediators are unable to serve, or if for any other reason the appointment cannot be made from the submitted list, the AAA shall have the authority to make the appointment from among other members of the Panel of Mediators without the submission of additional lists.

## M-6. Mediator's Impartiality and Duty to Disclose

AAA mediators are required to abide by the *Model Standards of Conduct for Mediators* in effect at the time a mediator is appointed to a case. Where there is a conflict between the *Model Standards* and any provision of these Mediation Procedures, these Mediation Procedures shall govern. The Standards require mediators to (i) decline a mediation if the mediator cannot conduct it in an impartial manner, and (ii) disclose, as soon as practicable, all actual and potential conflicts of interest that are reasonably known to the mediator and could reasonably be seen as raising a question about the mediator's impartiality.

Prior to accepting an appointment, AAA mediators are required to make a reasonable inquiry to determine whether there are any facts that a reasonable individual would consider likely to create a potential or actual conflict of interest for the mediator. AAA mediators are required to disclose any circumstance likely to create a presumption of bias or prevent a resolution of the parties' dispute within the time-frame desired by the parties. Upon receipt of such disclosures, the AAA shall immediately communicate the disclosures to the parties for their comments.

The parties may, upon receiving disclosure of actual or potential conflicts of interest of the mediator, waive such conflicts and proceed with the mediation. In the event that a party disagrees as to whether the mediator shall serve, or in the event that the mediator's conflict of interest might reasonably be viewed as undermining the integrity of the mediation, the mediator shall be replaced.

## M-7. Vacancies

If any mediator shall become unwilling or unable to serve, the AAA will appoint another mediator, unless the parties agree otherwise, in accordance with section M-5.

## M-8. Duties and Responsibilities of the Mediator

- **i.** The mediator shall conduct the mediation based on the principle of party self-determination. Self-determination is the act of coming to a voluntary, uncoerced decision in which each party makes free and informed choices as to process and outcome.
- **ii.** The mediator is authorized to conduct separate or ex parte meetings and other communications with the parties and/or their representatives, before, during, and after any scheduled mediation conference. Such communications

may be conducted via telephone, in writing, via email, online, in person or otherwise.

**iii.** The parties are encouraged to exchange all documents pertinent to the relief requested. The mediator may request the exchange of memoranda on issues, including the underlying interests and the history of the parties' negotiations. Information that a party wishes to keep confidential may be sent to the mediator, as necessary, in a separate communication with the mediator.

**iv.** The mediator does not have the authority to impose a settlement on the parties but will attempt to help them reach a satisfactory resolution of their dispute. Subject to the discretion of the mediator, the mediator may make oral or written recommendations for settlement to a party privately or, if the parties agree, to all parties jointly.

**v.** In the event a complete settlement of all or some issues in dispute is not achieved within the scheduled mediation session(s), the mediator may continue to communicate with the parties, for a period of time, in an ongoing effort to facilitate a complete settlement.

**vi.** The mediator is not a legal representative of any party and has no fiduciary duty to any party.

**vii.** The mediator shall set the date, time, and place for each session of the mediation conference. The parties shall respond to requests for conference dates in a timely manner, be cooperative in scheduling the earliest practicable date, and adhere to the established conference schedule. The AAA shall provide notice of the conference to the parties in advance of the conference date, when timing permits.

## M-9. Responsibilities of the Parties

The parties shall ensure that appropriate representatives of each party, having authority to consummate a settlement, attend the mediation conference. Prior to and during the scheduled mediation conference session(s) the parties and their representatives shall, as appropriate to each party's circumstances, exercise their best efforts to prepare for and engage in a meaningful and productive mediation.

## M-10. Privacy

Mediation sessions and related mediation communications are private proceedings. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the mediator.

## M-11. Confidentiality

Subject to applicable law or the parties' agreement, confidential information disclosed to a mediator by the parties or by other participants (witnesses) in the course of the mediation shall not be divulged by the mediator. The mediator shall maintain the confidentiality of all information obtained in the mediation, and all records, reports, or other documents received by a mediator while serving in that capacity shall be confidential.

The mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum.

The parties shall maintain the confidentiality of the mediation and shall not rely on, or introduce as evidence in any arbitral, judicial, or other proceeding the following, unless agreed to by the parties or required by applicable law:

- **i.** Views expressed or suggestions made by a party or other participant with respect to a possible settlement of the dispute;
- **ii.** Admissions made by a party or other participant in the course of the mediation proceedings;
- **iii.** Proposals made or views expressed by the mediator; or
- **iv.** The fact that a party had or had not indicated willingness to accept a proposal for settlement made by the mediator.

## M-12. No Stenographic Record

There shall be no stenographic record of the mediation process.

## M-13. Termination of Mediation

The mediation shall be terminated:

- **i.** By the execution of a settlement agreement by the parties; or
- **ii.** By a written or verbal declaration of the mediator to the effect that further efforts at mediation would not contribute to a resolution of the parties' dispute; or
- **iii.** By a written or verbal declaration of all parties to the effect that the mediation proceedings are terminated; or
- **iv.** When there has been no communication between the mediator and any party or party's representative for 21 days following the conclusion of the mediation conference.

## M-14. Exclusion of Liability

Neither the AAA nor any mediator is a necessary party in judicial proceedings relating to the mediation. Neither the AAA nor any mediator shall be liable to any party for any error, act or omission in connection with any mediation conducted under these procedures. Parties to a mediation under these procedures may not call the mediator, the AAA or AAA employees as a witness in litigation or any other proceeding relating to the mediation. The mediator, the AAA and AAA employees are not competent to testify as witnesses in any such proceeding.

## M-15. Interpretation and Application of Procedures

The mediator shall interpret and apply these procedures insofar as they relate to the mediator's duties and responsibilities. All other procedures shall be interpreted and applied by the AAA.

## M-16. Deposits

Unless otherwise directed by the mediator, the AAA will require the parties to deposit in advance of the mediation conference such sums of money as it, in consultation with the mediator, deems necessary to cover the costs and expenses of the mediation and shall render an accounting to the parties and return any unexpended balance at the conclusion of the mediation.

## M-17. Expenses

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne by the company unless they agree otherwise. The expenses of participants for either side shall be paid by the party requesting the attendance of such participants.

## M-18. Cost of the Mediation

*FOR THE CURRENT ADMINISTRATIVE FEE SCHEDULE, PLEASE VISIT* ***www.adr.org/employmentfeeschedule.***

*© 2017 American Arbitration Association, Inc. All rights reserved. These Rules are the copyrighted property of the American Arbitration Association (AAA) and are intended to be used in conjunction with the AAA's administrative services. Any unauthorized use or modification of these Rules may violate copyright laws and other applicable laws. Please contact 800.778.7879 or websitemail@adr.org for additional information.*

## Regional Vice Presidents and Assistant Vice Presidents

**States: Delaware, District of Columbia, Maryland, New Jersey, Pennsylvania, West Virginia**
Kenneth Egger
Vice President
Phone: 215.731.2281
Email: EggerK@adr.org

**States: Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Tennessee, Wisconsin**
Jan Holdinski
Vice President
Phone: 248.352.5509
Email: HoldinskiJ@adr.org

**States: Connecticut, Maine, Massachusetts, New Hampshire, New York, Vermont**
Ann Lesser, Esq.
Vice President
Phone: 212.484.4084
Email: LesserA@adr.org

**States: Alabama, Arkansas, Florida, Georgia, Mississippi, North Carolina, South Carolina, Virginia**
Charles Dorsey
Assistant Vice President
Phone: 866.686.6024
Email: DorseyC@adr.org

**States: Rhode Island**
Heather Santo
Assistant Vice President
Phone: 866.293.4053
Email: SantoH@adr.org

**States: Alaska, Arizona, California, Colorado, Hawaii, Idaho, Louisiana, Montana, Nevada, New Mexico, Oklahoma, Oregon, Texas, Utah, Washington, Wyoming**
Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org

## Case Management Vice President and Assistant Vice Presidents

Charles Dorsey
Assistant Vice President
Phone: 866.686.6024
Email: DorseyC@adr.org
**Administers cases in FL, GA**

Heather Santo
Assistant Vice President
Phone: 866.293.4053
Email: SantoH@adr.org
**Administers cases in AL, CT, DE, DC, IN, KY, ME, MD, MA, MI, NH, NJ, NY, NC, OH, PA, RI, SC, TN, VT, VA, WV**

Patrick Tatum
Vice President
Phone: 559.490.1905
Email: TatumP@adr.org
**Administers cases in AK, AZ, AR, CA, CO, HI, ID, IL, IA, KS, LA, MN, MS, MO, MT, NE, NV, NM, ND, OK, OR, SD, TX, UT, WA, WI, WY**

American Arbitration Association®

800.778.7879 | websitemail@adr.org | adr.org

JACK S. SHOLKOFF, CA Bar No. 145097
jack.sholkoff@ogletree.com
JENNIFER L. KATZ, CA Bar No. 258917
jennifer.katz@ogletree.com
ALEXANDRA C. AURISCH, CA Bar No. 296525
alexandra.aurisch@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
DHI MORTGAGE COMPANY, LTD., L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBERT W. AHLSTROM, on behalf of himself, all others similarly situated,

Plaintiff,

v.

DHI MORTGAGE COMPANY, LTD., L.P., a Texas limited partnership; and DOES 1 to 50, inclusive,

Defendants.

Case No. 3:19-cv-03435-EMC

**DECLARATION OF MARK C. WINTER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

*[Filed concurrently with Notice of Motion and Motion to Compel Arbitration; Declarations of Paula Hunter-Perkins and Jennifer L. Katz; Request for Judicial Notice; and [Proposed] Order.]*

Date: September 5, 2019
Time: 1:30 p.m.
Place: Courtroom 5

Complaint Filed: March 27, 2019
Trial Date: None
Judge: Hon. Edward M. Chen
Courtroom 5, San Francisco

I, Mark C. Winter, declare as follows:

1. I am the EVP/CFO for DHI Mortgage Company Ltd. In this capacity, I oversee company operations including Accounting, Information Technology, Secondary Marketing, Facilities, and Administration. I have personal knowledge of the matters contained herein, and if called to testify, I could and would competently state as follows.

2. DHI Mortgage Company, Ltd., is licensed to do business in 32 states, and currently operates in 28 states. In California, DHI Mortgage Company, Ltd., operates and does business under the name "DHI Mortgage Company, Ltd., L.P."

3. DHI Mortgage Company GP, Inc. is a Delaware corporation that is 100 percent owned by DHI Mortgage Company, which is a Colorado corporation. DHI Mortgage Company GP, Inc. is the General Partner of DHI Mortgage Company, Ltd., which is a Texas limited partnership and the operating entity for all mortgage operations underneath the "D.R. Horton" brand. D.R. Horton, Inc. is the publicly traded parent company for all of those entities.

4. Through its multi-state operations, DHI Mortgage Company, Ltd. is engaged in the business of originating, processing, selling, and servicing mortgage loans, primarily for individuals buying new homes constructed by D.R. Horton, Inc. and related entities. Thus, the work of employees of DHI Mortgage Company, Ltd., including its mortgage loan originators in California, involves financial transactions between and among banks, lenders, clients, and other individuals and entities across state lines.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on this 20 th day of July, 2019, in Austin, Texas.

[signature]

MARK C. WINTER

JACK S. SHOLKOFF, CA Bar No. 145097
jack.sholkoff@ogletree.com
JENNIFER L. KATZ, CA Bar No. 258917
jennifer.katz@ogletree.com
ALEXANDRA C. AURISCH, CA Bar No. 296525
alexandra.aurisch@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
DHI MORTGAGE COMPANY, LTD., L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBERT W. AHLSTROM, on behalf of himself, all others similarly situated,

Plaintiff,

v.

DHI MORTGAGE COMPANY, LTD., L.P., a Texas limited partnership; and DOES 1 to 50, inclusive,

Defendants.

Case No. 3:19-cv-03435-EMC

**DECLARATION OF PAULA HUNTER-PERKINS IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

*[Filed concurrently with Notice of Motion and Motion to Compel Arbitration; Declarations of Mark C. Winter and Jennifer L. Katz; Request for Judicial Notice; and [Proposed] Order.]*

Date: September 5, 2019
Time: 1:30 p.m.
Place: Courtroom 5

Complaint Filed: March 27, 2019
Trial Date: None
Judge: Hon. Edward M. Chen
Courtroom 5, San Francisco

I, Paula Hunter-Perkins, declare and state as follows:

1. I am the Vice President of Human Resources for D.R. Horton, Inc. and its related companies and subsidiaries, including DHI Mortgage Company, Ltd., L.P. (collectively, "D.R. Horton"). I work for D.R. Horton at its corporate headquarters, which are located in Fort Worth, Texas. In this capacity, I am responsible for maintaining the personnel files and related personnel records of D.R. Horton employees. I have been informed of the lawsuit filed by Robert W. Ahlstrom ("Mr. Ahlstrom") against DHI Mortgage Company, Ltd., L.P. ("DHIM"). I have personal knowledge of the matters contained herein, and if called to testify, I could and would competently state as follows.

2. Mr. Ahlstrom worked for DHIM in California as a Loan Originator Assistant and Mortgage Loan Originator between on or about July 20, 2015 and on or about December 9, 2016.

3. Since at least 2015, D.R. Horton has utilized an electronic program called Taleo for recruiting and onboarding new employees. Prospective employees of D.R. Horton fill out their job applications electronically using Taleo and, if hired, complete their onboarding electronically using Taleo. When initially applying for a job using Taleo, prospective employees are given the option of opting out of using an electronic signature to sign their materials, and the system provides instructions to users for how to proceed if they do not want to agree to use an electronic signature. If a prospective employee does not opt out of using the electronic system, they complete all recruiting and onboarding materials electronically, using Taleo, and sign all materials with an electronic signature.

4. In order to use Taleo, D.R. Horton employees and prospects are required to use a unique login to access the system. Through Taleo, each prospective and new employee gets a unique user identification that is first created when he or she applies for a position with D.R. Horton. The same user identification information is used thereafter for any onboarding that that employee undergoes upon hire.

5. Once a new employee is hired, he or she utilizes Taleo on his or her work computer to complete the onboarding process within the first few days of his or her employment. Each computer has a unique IP address, and the IP address of the computer utilized by the employee, as

well as the date, is stamped on each document electronically signed by the employee as part of the onboarding process.

6. After a new hire completes his or her onboarding materials using Taleo, the materials are sent to and reviewed by an HR coordinator for the particular entity employing that individual, and are then sent to our corporate HR team for processing. Typically, any materials that require a signature by a D.R. Horton representative are signed by an HR coordinator before they are sent to the corporate office.

7. In applying for his position with DHIM and completing his onboarding as a new hire, Mr. Ahlstrom utilized Taleo to electronically fill out and sign relevant materials. Mr. Ahlstrom did not opt out of using Taleo or otherwise opt out of signing his materials using an electronic signature. I have reviewed the documents contained in Mr. Ahlstrom's personnel file with D.R. Horton. Included within this file is an Application for Employment, which shows that Mr. Ahlstrom filled it out and signed it electronically on June 27, 2015. Attached hereto as **Exhibit A** is a true and correct copy of Mr. Ahlstrom's electronically signed Application for Employment, as contained in Mr. Ahlstrom's personnel file and maintained in the ordinary course of D.R. Horton's business.

8. It is part of D.R. Horton's practice and procedure to offer a Mutual Arbitration Agreement to each employee as part of their new hire documents. This Mutual Arbitration Agreement was given to Mr. Ahlstrom and signed by him on July 24, 2015 as part of the onboarding process he underwent using Taleo, shortly after he was first hired by DHIM. I have reviewed the documents contained in Mr. Ahlstrom's personnel file with D.R. Horton. Included within this file is a Mutual Arbitration Agreement signed by Mr. Ahlstrom on July 24, 2015. Mr. Ahlstrom's Mutual Arbitration Agreement was also signed on July 24, 2015 by Crystal Stone, who was the Division Human Resources Coordinator for DHIM. Attached hereto as **Exhibit B** is a true and correct copy of the fully executed Mutual Arbitration Agreement contained in Mr. Ahlstrom's personnel file and maintained in the ordinary course of D.R. Horton's business.

9. I have reviewed all records maintained by D.R. Horton regarding Mr. Ahlstrom, and have determined that there are no records, either within Mr. Ahlstrom's personnel file or

elsewhere, showing that Mr. Ahlstrom ever "opted out" of the Mutual Arbitration Agreement or otherwise requested an opt-out form in accordance with the terms of the Mutual Arbitration Agreement.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on this 19 th day of July, 2019, in Fort Worth, Texas.

Paula Hunter-Perkins

PAULA HUNTER-PERKINS

# EXHIBIT A

D·R·HORTON
America's Builder

## APPLICATION FOR EMPLOYMENT

- *Follow instructions carefully*
- *Please print or type*
- *Provide detail - **do not use "see resume"***

Applicant ID: 98961

Position ID: 2007510

Position(s) applying for: Mortgage Loan Originator

Location: United States>California>Pleasanton>Nort

Open to Relocation? ☑ Yes ○ No

### General Information

| Last Name | First Name | Middle Name | Social Security Number | Email Address |
|---|---|---|---|---|
| Ahlstrom | Robert | Wallace | REDACTED | ahlstromrw@yahoo.com |

| Address | City | State | Zipcode | Telephone |
|---|---|---|---|---|
| 163 Merrydale Rd Apt 15 | San Rafael | Californ | 94903 | |

Can you provide proof, if hired, that you are eligible to work in the United States? The Candidate Passes

Have you ever been convicted of or pleaded nolo contendere to a crime, misdemeanor or felony other than a minor traffic violation? The Candidate Passes
If yes, please explain ______
(Convictions are not an absolute bar to employment, but will be considered in relationship to the job requirements.)

Have you worked for this Company previously? ☐ Yes ☑ No

Dates: Job Title:

Do you have a relative working for this Company: ☐ Yes ☑ No

Name: Job Title:

Are you capable of satisfactorily performing the essential job duties required of the position for which you are applying with or without reasonable accommodation? ☑ Yes ☐ No

How did you learn about this opening?

### Education and/or Training

Did you graduate from high school or receive a GED Certificate? ☐ Yes ☐ No

| SCHOOL NAME AND LOCATION (high school, college, business, nursing, vocational) | Field: Major | Field: Minor | Did you graduate? | Diploma or Degree Earned |
|---|---|---|---|---|
| Galena High School | Athletic Training | | Yes | High School Diploma/GED |
| | | | | |
| | | | | |

Other education/training/skills:

Computer skills (hardware & software): Microsoft Office, Explorer, Point, encompass, Ecylpse, Epoint,

Current professional license/certificate/registration:

Related volunteer experience: Volleyball coach

### Professional References

| Name and Job Title | Company | Address (Street, City, State) | Telephone | Email Address |
|---|---|---|---|---|
| Chris Simone | Realtor Allison & James | United States > California > Santa Clara | 408-772-7113 | homes@thesimoneteam.com |
| Micheal McIlrath | NorthWest Area Sales Manager JMAC | United States > California > San Rafael | 415-717-9989 | michaelmcilrath@mac.com |
| | | | | |

**Employment History**

Start with your current or last job and include armed forces service and self-employment. Any change of job title under the same employer should be considered a separate position.

ATTACH EXTRA SHEETS using the same format if you have additional employment history.

May we contact your current employer for a reference? No

| | | |
|---|---|---|
| Employer<br>Banc Home Loans | Telephone<br>408-508-7254 | Supervisor's Name and Job Title<br>Dan DeTar Branch Manager |
| Type of Business<br>Direct Lender | Address<br>910 E.Hamilton Ave Ste 110 Campbell CA 95008 | |
| Your Job Title<br>Loan Officer | Dates Employed (indicate months & years)<br>From: October 15, 2014 To: | Average Hours Worked Per Week<br>40 |
| Duties<br>Portfolio Lending with niche programs- ALL SELF SOURCED ORIGINATION | | |
| Ending Salary | Reason for Leaving<br>Current Position | |

| | | |
|---|---|---|
| Employer<br>Everbank | Telephone<br>408-504-4030 | Supervisor's Name and Job Title<br>John Anthony Regional Sales Manag |
| Type of Business<br>Retail Mortgage Origination | Address<br>333 W San Carlos St., #1625. San Jose, CA 95110 | |
| Your Job Title<br>Loan Officer | Dates Employed (indicate months & years)<br>From: January 15, 2014 To: July 15, 2014 | Average Hours Worked Per Week<br>40 |
| Duties<br>Purchase Jumbo Origination with established referral network | | |
| Ending Salary | Reason for Leaving<br>Better Opportunity | |

| | | |
|---|---|---|
| Employer<br>GMH Mortgage Services LLC | Telephone<br>215-292-8034 | Supervisor's Name and Job Title<br>Frank DaMaio SVP National Retail Sa |
| Type of Business<br>Correspondant Direct Lender | Address<br>625 W. Ridge Pike, Building C, Conshohocken, PA 19428 | |
| Your Job Title<br>Loan Officer | Dates Employed (indicate months & years)<br>From: June 15, 2013 To: December 15, 2013 | Average Hours Worked Per Week<br>40 |
| Duties<br>Builder / Mortgage Specialist 4 levels of origination: Builder Servicing Agreements, Associated Realtor Desk Rentals, OPERATION HOME OWNERSH | | |
| Ending Salary | Reason for Leaving<br>Better Opportunity | |

I certify that all information contained in this application, and any attachments, is true and complete to the best of my knowledge. I understand that any willful misrepresentation, false statement, or omission by me in the application or interview process will cause for rejection of my application or termination of my employment. I authorize investigation of all statements made on this application and any attachments, and I release all persons, companies and organizations from liability for providing or receiving such information. I FURTHER UNDERSTAND THAT EMPLOYMENT IS AT-WILL, THAT IT MAY BE TERMINATED BY THE COMPANY OR MYSELF AT ANY TIME, WITH OR WITHOUT REASON AND THAT THIS EMPLOYMENT APPLICATION AND OTHER EMPLOYMENT RELATED DOCUMENTS ARE NOT CONTRACTS OF EMPLOYMENT. ANY ORAL OR WRITTEN STATEMENTS TO THE CONTRARY ARE HEREBY EXPRESSLY DISAVOWED.

Applicant's Signature: Ahlstromrw@yahoo.com 73.15.151.28 Date: June 27, 2015

**Equal Opportunity Employer**

D. R. Horton, Inc. does not discriminate on the basis of race, color, religion, sex, national origin, age (40+), veteran status, mental or physical disability, sexual orientation, gender identity, or any other characteristic protected by law.

# EXHIBIT B

MUTUAL ARBITRATION AGREEMENT

The undersigned employee ("Employee") and D.R. Horton, Inc. (the "Company") voluntarily and knowingly enter into this Mutual Arbitration Agreement ("Agreement"):

1. Except as provided below, Employee and the Company both agree all legal disputes and claims between them, including without limitation those relating to Employee's employment with the Company or any separation therefrom and claims by Employee against the Company's parents, subsidiaries, affiliates, directors, employees, or agents, shall be determined exclusively by final and binding arbitration before a single, neutral arbitrator as described herein. Claims subject to arbitration under this Agreement include without limitation those for discrimination, harassment, or retaliation; wages, overtime, benefits, or other compensation; breach of any express or implied contract; violation of public policy; and negligence or other tort claims including defamation, fraud, and infliction of emotional distress. Except as provided below, Employee and the Company voluntarily waive all rights to trial in court before a judge or jury on all legal claims between them.

2. The only legal disputes and actions excluded from this Agreement are: (a) claims by Employee for workers' compensation, unemployment, or other benefits under a plan or program that provides its own process for dispute resolution; (b) claims for which this Agreement would be invalid as a matter of law; (c) actions to enforce this Agreement, compel arbitration, or enforce or vacate an arbitrator's award under this Agreement; (d) a claim or charge filed with a federal, state, or local administrative agency such as the Equal Employment Opportunity Commission, National Labor Relations Board, Department of Labor, or similar agency; (e) an action by either party seeking a provisional remedy in any court of competent jurisdiction; (f) claims asserted by Employee prior to his or her execution or deemed acceptance of this Agreement as provided herein; and (g) claims asserted on Employee's behalf by another individual if and only if such a claim was the subject of a motion to certify a class or collective action and such motion was filed prior to Employee's execution or deemed acceptance of this Agreement as provided herein. As to subpart (c) above, the parties hereby agree and stipulate that such actions and this Agreement are covered and governed by Section 2 of the Federal Arbitration Act and not any state law. Judgment upon the arbitrator's award may be entered in any court of competent jurisdiction.

3. As referenced above, by agreeing to submit the described claims to binding arbitration, Employee does not waive the right to file an administrative complaint with the appropriate administrative agency (*e.g.*, the Equal Employment Opportunity Commission, National Labor Relations Board, Department of Labor, or similar agency) but does knowingly and voluntarily waive the right to file, or participate or obtain relief in, a court action of any nature seeking recovery of money damages or injunctive relief against the Company, except as described above.

4. A party wishing to initiate arbitration must notify the other party in writing by hand delivery or certified mail. The notice must identify the party requesting arbitration by name, address, and telephone number; describe the facts upon which the claim is based, the persons involved, and the date and location of any occurrences giving rise to the claim; and describe the remedy requested. Notice to the Company must be sent to its senior Human Resources official at the Company's corporate office. Notice to Employee must be sent to Employee's most recent residence address reflected in the Company's employment records.

5. Within 30 days of receipt of a notice of arbitration, the parties shall select a mutually agreeable arbitrator. The arbitration shall be held in or near the city in which Employee is or was last employed by the Company. To the maximum extent permitted by law and except as noted herein, the arbitrator selected by the parties shall administer the arbitration according to the National Rules for the Resolution of

Employment Disputes (or successor rules) of the American Arbitration Association ("AAA") and Federal Rule of Civil Procedure 68 ("Offer of Judgment"). These rules can be found at www.adr.org and http://www.law.cornell.edu/rules/frcp/rule_68, respectively, or requested from the Company. If AAA's rules are inconsistent with this Agreement, the terms of this Agreement shall govern. If the parties are unable to agree on an arbitrator, the party requesting arbitration shall submit the matter to AAA, and an arbitrator shall be selected pursuant to AAA's rules.

6. The arbitrator's authority and jurisdiction shall be limited to determining the matter in dispute consistent with controlling law and this Agreement. Except as otherwise provided herein, the arbitrator shall apply the substantive law of the state in which the claim(s) arose and/or federal law, as applicable. The arbitrator shall have the same authority to order remedies (*e.g.*, emotional distress damages, punitive damages, equitable relief, *etc.*) as would a court of competent jurisdiction. The arbitrator shall not have the authority to hear disputes not recognized by existing law and shall dismiss such claims upon motion by either party in accordance with the summary judgment standards of the applicable jurisdiction. Similarly, the arbitrator shall not have the authority to order any remedy that a court would not be authorized to order. The arbitrator shall render a written award setting forth the arbitrator's findings of fact and conclusions of law. Except as noted in the following paragraph, the arbitrator, and not any federal, state, or local court, shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this Agreement, including without limitation any claim that this Agreement is void or voidable. Thus, except as noted in the following paragraph, the parties voluntarily waive the right to have a court determine the enforceability of this Agreement.

7. **This Agreement prohibits the arbitrator from consolidating the claims of others into one proceeding, to the maximum extent permitted by law. This means an arbitrator shall hear only individual claims and is prohibited from fashioning a proceeding as a class, collective, representative, or group action or awarding relief to a group of employees in one proceeding, to the maximum extent permitted by law. Any question or dispute concerning the scope or validity of this paragraph shall be decided by a court of competent jurisdiction and not the arbitrator.**

8. The Company shall pay all costs unique to arbitration (as compared to the costs of adjudicating the same claims before a court), including the regular and customary arbitration fees and expenses. However, if Employee is the party initiating the claim, Employee shall be responsible for contributing an amount equal to the filing fee to initiate the claim in the court of general jurisdiction in the state in which Employee is or was last employed by the Company. Except as provided in Federal Rule of Civil Procedure 68, each party shall pay its own attorneys' fees and any costs that are not unique to the arbitration (*i.e.*, costs that each party would incur if the claim(s) were litigated in a court such as costs to subpoena witnesses and/or documents, take depositions and purchase deposition transcripts, copy documents, *etc.*). Any dispute as to whether a cost is unique to arbitration shall be resolved by the arbitrator. The arbitrator may award reasonable fees and costs or any portion thereof to the prevailing party to the same extent a court would be entitled to do so, in accordance with applicable law.

9. This is the complete agreement between the parties on the subject of arbitration and supersedes any other understandings on the subject. No representations, oral or written, are being relied upon by either party in executing this Agreement, other than those contained herein. This Agreement shall remain in effect even after the termination of Employee's employment with the Company. If any provision of this Agreement is deemed invalid or unenforceable, such provision shall be modified automatically to the minimum extent necessary to render the Agreement valid and enforceable. If a provision conflicts with a mandatory provision of applicable law, the conflicting provision shall be severed automatically and the remainder of the Agreement construed to incorporate the mandatory provision. In the event of such automatic severance and modification with respect to a particular provision, the remainder of this

Agreement shall not be affected. Similarly, should a court determine that arbitration pursuant to this Agreement is unavailable for any reason, the parties agree and stipulate that they hereby waive any right to a jury and instead agree and stipulate that the claim(s) at issue will be heard only by a judge.

10. This Agreement shall be construed as a whole, according to its fair meaning, and not for or against any party. This Agreement may be modified or terminated only by a writing signed by Employee and a senior officer of the Company, or by the Company after 30 days' written notice to Employee. Any modification or termination of this Agreement shall be prospective only and shall not apply to any pending claims or disputes that have been initiated by either party pursuant to this Agreement prior to the expiration of the 30-day period.

11. Employee may opt-out of this Agreement by delivering, within 30 days of the date this Agreement is provided to Employee, a completed and signed Opt-Out Form to the Company's senior Human Resources officer at the Company's headquarters. An Opt-Out Form is available from Human Resources upon request. If Employee does not deliver the executed form within 30 days, and if Employee accepts or continues employment with the Company after that date, he or she shall be deemed to have accepted the terms of this Agreement.

12. Employee warrants and agrees that he or she has read and understands this Agreement and has consulted with an attorney of Employee's own choosing regarding the effect of this Agreement to the extent Employee deems necessary. By signing this Agreement, Employee acknowledges that he or she is knowingly and voluntarily waiving the right to file a lawsuit relating to Employee's employment with the Company as well as the right to resolve disputes in a proceeding before a judge or jury, except as described above. Employee further acknowledges and agrees that this Agreement, while mutually binding upon the parties, does not constitute a guarantee of continued employment for any fixed period or under any particular terms except those contained herein and does not alter in any way the at-will nature of Employee's employment relationship.

| | |
|---|---|
| Date: 7/24/15 | Date: 7/24/15 |
| Robert Ahlstrom | Crystal Stone |
| Employee Signature | Company Representative |
| Robert Wallace Ahlstrom | Crystal L Stone |
| Printed Name | Printed Name and Title |
| 198.69.34.237 | 63.175.76.171 |

17760806.1

ADRMOP,APPEAL,CLOSED,RELATE

# U.S. District Court
# California Northern District (San Jose)
# CIVIL DOCKET FOR CASE #: 5:19-cv-03435-BLF

Ahlstrom v. DHI Mortgage Company, LTD., L.P.
Assigned to: Judge Beth Labson Freeman
Relate Case Case: 5:17-cv-04383-BLF
Case in other court: Alameda County Superior Court, RG19012495
Cause: 28:1441 Petition for Removal- Labor/Mgmnt. Relations

Date Filed: 06/17/2019
Date Terminated: 01/16/2020
Jury Demand: Defendant
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Robert W. Ahlstrom** represented by

**Ashley N. Batiste**
Setareh Law Group
315 S. Beverly Drive, Suite 315
Beverly Hills, CA 90212
(310) 888-7771
Fax: (310) 888-0109
Email: ashley.batiste@lewisbrisbois.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Farrah Grant**
Setareh Law Group
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212
(310) 888-7771
Fax: (310) 888-0109
Email: farrah@setarehlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shaun Setareh**
Setareh Law Group
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212
(310) 888-7771
Fax: (310) 888-0109
Email: shaun@setarehlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Alistair Segal**
Setareh Law Group
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212
(310) 888-7771
Fax: (310) 888-0109
Email: thomas@setarehlaw.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Chaim Shaun Setareh**
Setareh Law Group
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212
(310) 888-7771
Fax: (310) 888-0109
Email: shaun@setarehlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DHI Mortgage Company, LTD., L.P.** represented by **Alexandra Caroline Aurisch**
Ogletree, Deakins, Nash, Smoak and Stewart, P.C.
400 South Hope Street
Suite 1200
Los Angeles, CA 90071
213-239-9800
Fax: 213-239-9045
Email: alexandra.aurisch@ogletree.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jack Steven Sholkoff**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
400 South Hope Street
Suite 1200
Los Angeles, CA 90071
(213) 239-9800
Fax: (213) 239-9045
Email: jack.sholkoff@ogletreedeakins.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Lindsay Katz**
400 S. Hope Street, Ste. 1200
Ogletree Deakins
Los Angeles, CA 90071
213-438-1284
Email: jennifer.katz@ogletreedeakins.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/17/2019 | 1 | NOTICE OF REMOVAL from Alameda County Superior Court. Their case number is RG19012495. (). Filed byDHI Mortgage Company, LTD., L.P.. (Attachments: # 1 Exhibit A - Complaint, # 2 Exhibit B - Joint Case Management Conference Statement, # 3 Exhibit C - Answer, # 4 Civil Cover Sheet)(Katz, Jennifer) (Filed on 6/17/2019) Filing fee of |

| | | |
|---|---|---|
| | | $400.00 paid with receipt number 0971-13442766. Modified on 6/17/2019 (srnS, COURT STAFF). (Entered: 06/17/2019) |
| 06/17/2019 | 2 | Declaration of David Morice in Support of 1 Notice of Removal, filed byDHI Mortgage Company, LTD., L.P.. (Related document(s) 1 ) (Katz, Jennifer) (Filed on 6/17/2019) (Entered: 06/17/2019) |
| 06/17/2019 | 3 | Rule 7.1 Disclosures by DHI Mortgage Company, LTD., L.P. re 1 Notice of Removal, (Katz, Jennifer) (Filed on 6/17/2019) (Entered: 06/17/2019) |
| 06/17/2019 | 4 | Certificate of Interested Entities by DHI Mortgage Company, LTD., L.P. re 1 Notice of Removal, (Katz, Jennifer) (Filed on 6/17/2019) (Entered: 06/17/2019) |
| 06/17/2019 | 5 | NOTICE of Pendency of Other Action Involving Same Patent by DHI Mortgage Company, LTD., L.P. (Katz, Jennifer) (Filed on 6/17/2019) (Entered: 06/17/2019) |
| 06/17/2019 | 6 | CERTIFICATE OF SERVICE by DHI Mortgage Company, LTD., L.P. re 1 Notice of Removal, 5 Notice of Pendency of Other Action Involving Same Patent, 2 Declaration in Support, 4 Certificate of Interested Entities, 3 Certificate of Interested Entities (Katz, Jennifer) (Filed on 6/17/2019) (Entered: 06/17/2019) |
| 06/17/2019 | 7 | Case assigned to Magistrate Judge Thomas S. Hixson.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 7/1/2019. (srnS, COURT STAFF) (Filed on 6/17/2019) (Entered: 06/17/2019) |
| 06/17/2019 | 8 | **Initial Case Management Scheduling Order with ADR Deadlines: This case may fall within the Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action. See General Order 71. Parties and Counsel are directed to review General Order 71 to determine whether it applies to this case, and to comply with that General Order if applicable. Case Management Statement due by 9/12/2019. Initial Case Management Conference set for 9/19/2019 10:00 AM. (hdjS, COURT STAFF) (Filed on 6/17/2019) (Entered: 06/18/2019)** |
| 06/18/2019 | | Electronic filing error. Filer did not add all interested parties when prompted. Re-file this document in its entirety and when prompted, enter all affiliates or corporate parents .This filing will not be processed by the clerks office.Please re-file in its entirety. Re: 4 Certificate of Interested Entities filed by DHI Mortgage Company, LTD., L.P. (hdjS, COURT STAFF) (Filed on 6/18/2019) (Entered: 06/18/2019) |
| 06/18/2019 | 9 | Certificate of Interested Entities by DHI Mortgage Company, LTD., L.P. identifying Other Affiliate DHI Mortgage Company, Other Affiliate D.R. Horton, Inc., Other Affiliate DHI Mortgage Company GP, Inc., Other Affiliate DHI Mortgage Company LP, Inc. for DHI Mortgage Company, LTD., L.P.. re 1 Notice of Removal, (Katz, Jennifer) (Filed on 6/18/2019) (Entered: 06/18/2019) |
| 06/19/2019 | 10 | CERTIFICATE OF SERVICE by DHI Mortgage Company, LTD., L.P. re 1 Notice of Removal, (Attachments: # 1 Exhibit A - Defendant's Notice to Adverse Party and Clerk of |

ER00122

| | | |
|---|---|---|
| | | the California Superior Court of Removal of Civil Action to United States District Court) (Katz, Jennifer) (Filed on 6/19/2019) (Entered: 06/19/2019) |
| 07/01/2019 | 11 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Robert W. Ahlstrom.. (Setareh, Chaim) (Filed on 7/1/2019) (Entered: 07/01/2019) |
| 07/01/2019 | 12 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by DHI Mortgage Company, LTD., L.P... (Attachments: # 1 Certificate/Proof of Service)(Katz, Jennifer) (Filed on 7/1/2019) (Entered: 07/01/2019) |
| 07/01/2019 | 13 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (rmm2S, COURT STAFF) (Filed on 7/1/2019) (Entered: 07/01/2019) |
| 07/02/2019 | 14 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Edward M. Chen for all further proceedings. Magistrate Judge Thomas S. Hixson no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras.. Signed by Clerk on 7/2/19. (Attachments: # 1 Notice of Eligibility for Video Recording)(as, COURT STAFF) (Filed on 7/2/2019) (Entered: 07/02/2019)** |
| 07/02/2019 | 15 | **CASE MANAGEMENT CONFERENCE ORDER IN REASSIGNED CASE: Initial Case Management Conference set for 10/10/2019 09:30 AM in San Francisco, Courtroom 05, 17th Floor. Joint Case Management Statement due by 10/3/2019. Signed by Judge Edward M. Chen on 7/2/2019. (afmS, COURT STAFF) (Filed on 7/2/2019) (Entered: 07/02/2019)** |
| 07/22/2019 | 16 | MOTION to Compel *Arbitration* filed by DHI Mortgage Company, LTD., L.P.. Motion Hearing set for 9/5/2019 01:30 PM in San Francisco, Courtroom 05, 17th Floor before Judge Edward M. Chen. Responses due by 8/5/2019. Replies due by 8/12/2019. (Attachments: # 1 Declaration of Paula Hunter-Perkins, # 2 Declaration Mark C. Winter, # 3 Declaration of Jennifer L. Katz, # 4 Proposed Order)(Katz, Jennifer) (Filed on 7/22/2019) (Entered: 07/22/2019) |
| 07/22/2019 | 17 | Request for Judicial Notice re 16 MOTION to Compel *Arbitration* filed byDHI Mortgage Company, LTD., L.P.. (Related document(s) 16 ) (Katz, Jennifer) (Filed on 7/22/2019) (Entered: 07/22/2019) |
| 08/05/2019 | 18 | OPPOSITION/RESPONSE (re 16 MOTION to Compel *Arbitration* ) filed byRobert W. Ahlstrom. (Setareh, Chaim) (Filed on 8/5/2019) (Entered: 08/05/2019) |
| 08/12/2019 | 19 | REPLY in Support (re 16 MOTION to Compel *Arbitration* ) filed by DHI Mortgage Company, LTD., L.P.. (Katz, Jennifer) (Filed on 8/12/2019) (Entered: 08/12/2019) |
| 09/05/2019 | 20 | **SUA SPONTE JUDICIAL REFERRAL FOR PURPOSES OF DETERMINING RELATIONSHIP OF CASES. Signed by Judge Edward M. Chen on 9/5/2019. (afmS, COURT STAFF) (Filed on 9/5/2019) (Entered: 09/05/2019)** |

| | | |
|---|---|---|
| 09/05/2019 | 21 | **Minute Entry for proceedings held before Judge Edward M. Chen: Motion Hearing held on 9/5/2019.<br>Total Time in Court: 3 Minutes.<br>Court Reporter: Marla Knox.<br><br>Plaintiff Attorney: Thomas Segal.<br>Defendant Attorney: Jack Sholkoff.<br><br>Attachment: Minute Order.<br>(afmS, COURT STAFF) (Date Filed: 9/5/2019) (Entered: 09/06/2019)** |
| 09/10/2019 | 22 | **RELATED CASE ORDER. Signed by Judge Beth Labson Freeman on 9/10/2019. (blflc2S, COURT STAFF) (Filed on 9/10/2019) (Entered: 09/10/2019)** |
| 09/11/2019 | 23 | **ORDER REASSIGNING CASE. Case reassigned to Judge Beth Labson Freeman for all further proceedings RE 39 Order Relating Cases. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Judge Edward M. Chen no longer assigned to case. (Attachments: # 1 Notice of Eligibility for Video Recording)(bwS, COURT STAFF) (Filed on 9/11/2019) (Entered: 09/11/2019)** |
| 09/12/2019 | 24 | CLERK'S NOTICE RESETTING MOTION HEARING AND CASE MANAGEMENT CONFERENCE AFTER REASSIGNMENT.<br>16 MOTION to Compel *Arbitration* Hearing set for 1/16/2020 09:00 AM.<br>Case Management Statement due by 1/9/2020. Initial Case Management Conference set for 1/16/2020 11:00 AM in San Jose, Courtroom 3, 5th Floor.<br>*(This is a text-only entry generated by the court. There is no document associated with this entry.)*<br>(tshS, COURT STAFF) (Filed on 9/12/2019) (Entered: 09/12/2019) |
| 01/03/2020 | 25 | **ORDER VACATING HEARING ON 16 DEFENDANTS MOTION TO COMPEL ARBITRATION AND CONTINUING CASE MANAGEMENT CONFERENCE. Signed by Judge Beth Labson Freeman on 1/3/2020. (blflc2S, COURT STAFF) (Filed on 1/3/2020) (Entered: 01/03/2020)** |
| 01/03/2020 | | Reset Deadlines and Hearing re 25 Order: Motion Hearing set for 1/16/2020 VACATED. Case Management Conference reset for 2/20/2020 11:00 AM in San Jose, Courtroom 3, 5th Floor; Case Management Statement due by 2/13/2020. (tshS, COURT STAFF) (Filed on 1/3/2020) (Entered: 01/06/2020) |
| 01/16/2020 | 26 | **ORDER GRANTING 16 MOTION TO COMPEL ARBITRATION AND DISMISSING CASE WITHOUT PREJUDICE. Signed by Judge Beth Labson Freeman on 1/16/2020. (blflc2S, COURT STAFF) (Filed on 1/16/2020) (Entered: 01/16/2020)** |
| 01/27/2020 | 27 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Robert W. Ahlstrom. Appeal of Order on Motion to Compel 26 (Appeal fee of $505 receipt number 0971-14111760 paid.) (Attachments: # 1 Exhibit A, # 2 Supplement Plaintiff Robert W. Ahlstrom's Representation Statement Regarding His Notice of Appeal)(Setareh, Chaim) (Filed on 1/27/2020) (Entered: 01/27/2020) |
| 01/28/2020 | 28 | USCA No. 20-15114. Scheduling Order is set as follows: Appellant Robert W. Ahlstrom Mediation Questionnaire due on 02/04/2020. Transcript ordered by 02/26/2020. Transcript due 03/27/2020. Appellant Robert W. Ahlstrom opening brief due 05/06/2020. Appellee DHI Mortgage Company, Ltd., L.P. answering brief due 06/05/2020. Appellant's optional reply brief is due 21 days after service of the answering brief. (sfbS, COURT STAFF) (Filed on 1/28/2020) (Entered: 01/28/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 05/19/2020 14:37:14 | | | |
| **PACER Login:** | Setarehlaw907:2957234:0 | **Client Code:** | DR Horton |
| **Description:** | Docket Report | **Search Criteria:** | 5:19-cv-03435-BLF |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Excerpts of Record Volume I & II with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 20, 2020.

I certify that, other than the individuals listed below, participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I certify that I caused to be mailed a copy of the electronically filed document to the individuals listed below:

NO MAIL SERVICE REQUIRED

Dated: July 20, 2020

Respectfully submitted,

SETAREH LAW GROUP

By: /s/ Shaun Setareh
Shaun Setareh
Thomas Segal
Attorneys for Appellant
Robert Ahlstrom