Shaun Setareh (SBN 200514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
ROBERT W. AHLSTROM

**UNITED STATES DISTRICT COURT**

**NORTH DISTRICT OF CALIFORNIA**

ROBERT W. AHLSTROM, on behalf of himself, all others similarly situated,

*Plaintiff,*

vs.

DHI MORTGAGE COMPANY GP, INC., a Delaware corporation; D.R. HORTON, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

*Defendants*.

Case No. 5:17-cv-04383-BLF

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

Date: November 8, 2018
Time: 9:00am
Place: Courtroom 3 – 5th Floor

## INTRODUCTION

The United States Supreme Court has made clear that courts must enforce arbitration provisions "according to their terms." *Epic Systems Corp. v. Lewis* ,136 S. Ct. 1612, 1619 (2018). Here, the defendant employer drafted an arbitration agreement with an opt out provision that very clearly states that the Employee is deemed to have accepted the agreement if he or she does not opt out **and** if he or she continues or accepts employment with D.R. Horton, Inc (described in the agreement as "the Company") within 30 days of receipt of the agreement.

Therefore, the arbitration provision in this case never became effective according to its terms. This is because as Defendant asserts Plaintiff never accepted employment with D.R. Horton Inc. but instead with a related company DHI Mortgage Company LTD. Defendant asks this Court to rewrite the arbitration agreement so that Plaintiff can accept the agreement not just by accepting employment with D.R. Horton Inc. but with any of its subsidiaries or affiliated entities.

Defendant relies on case law providing that: "the provision in an offer specifying a means of acceptance is for the benefit of the offeror and may be waived by him." Mot. at 18:9-11. But this principle has no application here because the clause at issue is in a provision enabling employees to opt out of arbitration, a provision plainly intended for the benefit of the employee, not the employer. Therefore, the employer cannot waive it or the provision would be meaningless.

As the California Court of Appeal has explained in affirming an order denying a motion to compel arbitration: "Where a contract does prescribe the manner in which acceptance is to be communicated, "no other will suffice". *Hillsborough LLC v. Marcus & Millichap Real Estate Inv. Brokerage Co.*, 2006 WL 2501580 *4 (2006) citing1 Witkin Contracts, § 189, p. 223, citing Civ. Code § 1582. The result should be no different here. The subject arbitration agreement expressly requires acceptance of or continued employment with D.R. Horton Inc. Since that never occurred, there was never an effective arbitration agreement.

//

//

//

//

## ARGUMENT

### I. Arbitration is a Matter of Consent and under California Law, Consent Requires an Act or Omission.

As the United States Supreme Court has repeatedly said: "Arbitration under the [FAA] is a matter of consent not coercion." E.g., *Volt Info Sys, Inc. v. Bd of Trs. of Leland Stanford Junior Univers*., 489 U.S. 468, 479 (1989).

Under California contract law: "Consent can be communicated with effect, only by some act or omission of the party contracting, by which he intends to communicate it, or which necessarily tends to such communication." Civil Code § 1581. An offer can be accepted by silence only where there is a duty to speak. *Wood v. Gunther*, 89 Cal.App.2d 718, 881 (1949). Here, the contract itself specified what would be necessary to show consent.

### II. While the General Rule is that any Reasonable and Usual Method .of Acceptance is Effective, This Does Not Apply Where a Particular Method is Prescribed.

Under California law, the parties may agree that a certain mode of acceptance is required in order for the acceptance of an offer to be effective. For example, in *Dexter v. Ankiewicz*, 26 Cal.App.2d 326, 333 (1938) the California Court of Appeal explained as follows:

> "In the instant case it is clear . . . that both plaintiff and defendant contemplated the acceptance by defendant of plaintiff's offer should be signified by defendant's signing and returning the contract . . . . Therefore, applying the above-mentioned rule of law to these facts, it is evident that defendant did not accept plaintiff's offer in the manner contemplated by the parties . . .."

Similarly, in *Gray v. Stewart*. 97 Cal.App.4th 1394, 1397 (2002) the California Court of Appeal explained that any reasonable method of acceptance is permissible, if the contract does not prescribe a specific method: "Because the offer to compromise did not prescribe any specific mode of communication of the acceptance, the only requirement was that the acceptance be communicated in a clear and unequivocal fashion."

Here, as set forth below, the contract plainly sets forth a prescribed method of acceptance and therefore other methods do not suffice.

//

//

//

**III. Under the Plain Language of the Agreement There Was No Effective Acceptance.**

The arbitration provision states that: "The undersigned employee ("Employee" ) and D.R. Horton, Inc. (the "Company") voluntarily and knowingly enter into this Mutual Arbitration Agreement. Hunter-Perkins Declaration Exh. B, ECF No. 12-2 Page No. 9.

Thus, where the phrase the "Company" is used in the arbitration agreement, it of necessity refers to D.R. Horton, Inc. not to any related companies that have a different name and a separate legal identity.

Paragraph 11 of the Agreement expressly states as follows:

> Employee may opt-out of this Agreement by delivering within 30 days of the date this Agreement is provided to Employee, a completed and signed Opt-Out Form . . . If Employee does not deliver the executed form within 30 days, **and** if Employee accepts or continues employment with the Company after that date, he or she will be deemed to have accepted the terms of this Agreement.

Therefore, according to the Opt-Out provision, two conditions must exist for the employee to accept the arbitration agreement. First, the employee must deliver an executed Opt-Out Form within 30 days. Second, as the use of the word "and" indicates, the employee must also accept or continue employment with the "Company" i.e. D.R. Horton, Inc. after the 30 day period has elapsed. Defendant admits that the employer in this case is not D.R. Horton, Inc. Therefore, a condition for acceptance of the arbitration provision never occurred.

The cases cited by Defendant are not to the contrary. For example, Defendant relies on *Artukovich v. Pacific State Pipe Co.*, 78 Cal.App.2d 1, 3 (1947) which stands for the proposition that: "the provision in an offer specifying a manner of acceptance is for the benefit of the offeror and may be waived by him." But this rule has no application here because the Opt Out provision is plainly for the benefit of the prospective employee not the benefit of the Company. As California law requires: "Where the reason of a rule ceases, so should the rule itself." Civil Code § 3510. Therefore, this rule should not be applied to a provision plainly intended to benefit the offeree.

Defendant also relies on *In re Crossman's Estate*, 231 Cal.App.2d 370 (1964) which concluded that a provision in an option agreement stating that notice was to be by registered mail

was not a condition but instead a "permitted . . . manner" of acceptance. The Court of Appeal concluded after examining the entire agreement and extrinsic evidence that registered mail was a "mere suggestion."

That reasoning is inapplicable here. Obviously the Opt-Out provision is intended to be a condition to an effective arbitration agreement. The sentence in question reads: "If Employee does not deliver the executed form within 30 days, and if Employee accepts or continues employment with the Company after that date, he or she shall be deemed to have accepted the terms of this Agreement." To read this not as a condition, but as a "suggestion" would render the Opt-Out provision nugatory.

Nor does this conclusion change because elsewhere in the Agreement it states that claims against subsidiaries or affiliates of D.R. Horton Inc. must be arbitrated. Obviously, it is possible that an employee of D.R. Horton Inc. could have a claim against an affiliated company such as for example when employees of affiliated entities work together and an allegation of harassment or discrimination arises.

## IV. Plaintiff's Interpretation Must be accepted because it is Consistent with the Language of the Contract and is Not Absurd.

Under California law, "the language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Civil Code § 1638.

The Agreement itself contemplates an employment relationship between Plaintiff and D.R. Horton Inc i.e. between "Employee" and the "Company". The counterparties are expressly identifies the counterparties as "Employee" and the "Company" which is expressly identified as D.R. Horton Inc. It is signed by Crystal Stone who is identified as "Company Representative" i.e. a representative or D.R. Horton Inc. If no such employment relationship is ever created, it should not be surprising that the Agreement does not become effective. See Civil Code § 1648: "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract."

Nor does the plain language interpretation offered by Plaintiff render the Agreement meaningless. For example, it is possible that an employee of a related entity could receive a

promotion or reassignment which makes him an employee of D.R. Horton Inc. At that point, the employee (assuming he or she did not send in the Opt-Out Form) would be deemed to have accepted the Agreement under its plain language.

**V. Any Doubt as to the Interpretation of the Agreement Must be Construed Against the Party That Caused It to Exist.**

The law in California provides that absent presentation of extrinsic evidence any ambiguity in a contract, particularly a form contract, is to be construed against the drafter. *City of Hope National Medical Center v. Genentech, Inc*., 4 Cal.4th 375, 398 (2008); *Badie v. Bank of America*, 67 Cal.App.4th 779, 798 (1998): "When ambiguities in a standardized contract, like the account agreement involved here, cannot be dispelled by application of the other rules of contract interpretation they are resolved against the drafter." Civil Code § 1654: "In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist."

Both the California Supreme Court and the United States Supreme Court have approved the application of this interpretive principle to arbitration agreements. *Victoria v. Superior Court*, 40 Cal.3d 734, 835 (1985): "Ambiguities in standard form contracts are to be construed against the drafter . . . This court must apply these basic principles to determine whether the petitioner's causes of action fall within the scope of the arbitration provision."; *Mastrobuono v. Sherman Lehman Hutton, Inc.,* 141 U.S. 52, 63 (1995): "[Defendant] drafted an ambiguous document and cannot now claim the benefit of the doubt. The reason for this rule is to protect the party who did not choose the language from an unintended or unfair result."

Therefore, to the extent that there is any doubt as to which interpretation of the agreement is correct, it must be construed against Defendant who caused the uncertainty to exist.

**VI. While Defendant Does Not Argue Otherwise, Plaintiff's Prior Allegation That D.R. Horton Inc. is The Employer is Not Binding.**

Plaintiff has in the past alleged that D.R. Horton Inc. was his employer. However, the declarations submitted by Defendant make clear that this is not the case. Hunter-Perkins Decl. ¶ 2; Morice Declaration ¶ 4 (stating that D.R. Horton Inc. has no employees in California). Plaintiff does not understand Defendant to be arguing that these prior mistaken allegations are binding. Under

California law they are not. *See Barsegian v. Kessler & Kessler*, 215 Cal.App.4th 446, 453 (2013) (agency allegations in complaint not binding for purposes of motion to compel arbitration where defendant disputed agency relationship).

**CONCLUSION**

The motion to compel arbitration should be denied.

Dated: September 25, 2018 SETAREH LAW GROUP

/s/
SHAUN SETAREH
Attorneys for Plaintiff
ROBERT W. AHLSTROM